## TERMINAL VAN LINES, INC. v. GREEN
Case No. 80-3994 AP (L) 01 F
Fifteenth Judicial Circuit, Palm Beach County
June 1, 1981

Mark R. Lewis, for appellant

Marcy Green, for appellee

EDWARD RODGERS, Circuit Judge.

THIS MATTER came before the Court on an appeal from an Order rendered on August 8, 1980, by the County Court of Palm Beach County, Florida. The Order appealed from was an Order denying Appellant-Transit Van Lines, Inc.'s Motion for Change of Venue.

The Defendant/Appellant filed his Motion for Appeal and submitted a brief. The Appellant cites F.S. 47.051 which defines the methods for action against domestic corporations. F.S. 47.051 says, inter alia,

"Action against domestic corporation shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, . . ., or where the property in litigation is located."

The Plaintiff below contracted with the Defendant/Appellant for the Appellant to move household belongings of the Plaintiff from Brooklyn, New York to Delray Beach, Florida. The Appellant further alleges that the contract did not take place in West Palm Beach, Florida. The only other alternative, pursuant to F.S. 47.051, is where the property in litigation is located.

The Appellee sued the Appellant alleging that the order was originally given to the Appellant, who, in turn, hired another company to pick up and deliver. The Appellee alleges that the Appellant made an error in estimating the weight of the household items to be moved, and she was subsequently charged more than the Appellant estimated. The Appellant alleged also that some damages occurred to the furniture, however, there was no specifics as to what damages were done to the property.

The Plaintiff, in her Complaint, stated, in part, that

"Terminal estimate 400 lbs. $1,128.14 . . . Forgarty charged 6,800 lbs."

It further appears as an after thought, the Plaintiff stated,

"Some damages to furniture occurred."

Obviously, this was a breach of contract action, and the controlling factor should be where the contract took place.

Therefore, based upon the three available forms of venue, it appears that the Appellee had selected an improper venue. The Court can find no reason for venue being in Palm Beach County, Florida. The Court hereby reverses the Court below, and orders the County Court Judge to grant the Appellant's Motion for Change of Venue.